Mr. John Bracey 12905 Cherry Laurel Drive Little Rock, Arkansas 72211-5458
Dear Mr. Bracey:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records that you have requested under the Freedom of Information Act (FOIA) (A.C.A. §25-19-101 et seq.).
You state that you presented a request under the FOIA to the City of Little Rock for the following records:
 • "Names of Every Employee in Planning Development that has made personal copies, using City Equipment, copies of Receipts of Payment, Copy of Policy govern [sic] this practice. Includes Every Employee under Director Jim Lawson"
 • "Copies of All witnesses to alledged [sic] incident involving written Reprimand against [the employee]. Witness Statements, Correspondence of out come of Investigation including facts supporting your findings"
In response to your first request above, the custodian of the records indicated that no records exist that would be responsive to the request. In response to your second request above, the custodian of the records declined to provide the records on the grounds that they relate to a personnel matter.
I am directed by law to issue my opinion as to whether the determination of the custodian of the records regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
It is my opinion that if indeed no records exist that would be responsive to the first request, the custodian's response was correct, and he is not required to create such records. See A.C.A. § 25-19-105(d)(2)(C). However, if you have reason to believe that such records do exist, your remedy is to challenge the custodian's response in the Pulaski County Circuit Court. A.C.A. § 25-19-107(a). The court is required to set a hearing date on your challenge within seven days. A.C.A. § 25-19-107(b).
It is my opinion that the custodian's response to your second request is inconsistent with the FOIA, assuming that you are the designated representative of the employee in question. The FOIA provides:
 (2) Any personnel or evaluation records exempt from disclosure under this chapter shall nonetheless be made available to the person about whom the records are maintained or to that person's designated representative.
A.C.A. § 25-19-105.
Under the above-quoted provision, the employee in question is unequivocally entitled to receive copies of her own personnel and employee evaluation records, even if those records are not releasable to the public. Her "designated representative" is also entitled to receive copies of those records. The FOIA does not address how a person's status as a "designated representative" is to be established. However, a custodian would be justified in requiring some form of proof of that status. The following has been stated regarding this issue:
 If a representative is designated to inspect the records, that person must apparently have express authorization. Accordingly, the custodian of the records should require that the representative provide a letter or other document setting forth his authority.
Watkins, The Arkansas Freedom of Information Act (3rd ed. 1998) (m m Press) at 148. Accord, Op. Att'y Gen. No. 2002-191.
Another pertinent issue that must be considered is the fact that the records in question may also constitute the "personnel records" of other employees whose names appear in those records. Therefore, even though the employee on whose behalf you have requested the records is entitled to receive copies of those records if they are her own personnel or employee evaluation records, their release to her as other employees' personnel records must be evaluated under the "clearly unwarranted invasion" standard that applies to personnel records. Under that standard, personnel records are not releasable "to the extent that disclosure would constitute a clearly unwarranted invasion of [the] personal privacy" of the other employees. A.C.A. § 25-19-105(b)(12). If the release of these records would constitute a clearly unwarranted invasion of the personal privacy of these other employees, their names should be redacted before the records are released to you or to the employee on whose behalf you have requested them.
The records in question may contain information about other individuals that should be protected from disclosure under the constitutional right of privacy. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally protectable information. SeeMcCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). The McCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed.
The question of whether these three conditions have been met is a question of fact that must be determined in the first instance by the custodian of the records. If it can be determined factually that any information in the requested records meets the three prongs of test laid out by the McCambridge court, the ensuing question that must be considered is whether the governmental interest in disclosure under the Act (i.e., the public's legitimate interest in the matter) outweighs any privacy interest in their non-disclosure. Again, this determination will be a factual one, based upon the information available to the custodian. If the individual's privacy interest outweighs the public's interest in the records, the protectable information should be redacted before the records are released to you or to the employee on whose behalf you have requested the records.
Finally, any other information contained in the records that is exempt from disclosure to the employee in question under a separate exemption must be redacted before the records are released. For example, other employees' social security numbers should be redacted pursuant to an exemption under federal law. See 5 U.S.C. § 552a, note.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General